■ RICHARD T. CALDWELL, Appellant, v HANOVER INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered July 26, 1988, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff brought this action for a declaratory judgment as to the validity of an insurance policy issued by defendant under the New Jersey Automobile Full Insurance Availability Act (NJ Stat Annot § 17:30E-1 *et seq.).* Subsequent to an accident in which plaintiff was rendered a quadriplegic, defendant canceled the automobile liability policy, *ab initio,* on the ground that plaintiff was not a bona fide resident of New Jersey when application for the policy was made. It is conceded by plaintiff, for purposes of the subject motion, that he

was not a resident of New Jersey and was therefore not qualified to apply for said insurance.

We find that under the New Jersey statutory scheme, defendant was merely an agent, and that the actual insurer is the New Jersey Automobile Full Insurance Underwriting Association (JUA), a nonprofit association created under New Jersey law, comprised of insurers licensed to do business in New Jersey. Since defendant was an agent for a disclosed principle only, summary judgment was properly granted dismissing the complaint against defendant. *(Matter of Nationwide Ins. Co. v Rosas,* 145 AD2d 1006.) Further, at least where the injured party is the person who procured the policy on the false representation that he was a New Jersey resident, the interest of New Jersey in these proceedings is paramount, and the court should not entertain jurisdiction over JUA, even if some basis could be found for subjecting JUA, which does not do business in New York, to the jurisdiction of this State. Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.